IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **ALFRED C. DIZON,** | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Civil Action No. 7:22-cv-00040-O-BP |
| **VECTRUS SYSTEMS CORPORATION,** | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Alfred Dizon's ("Dizon") Motions [sic] to File Supplemental Petition (ECF No. 35) filed January 9, 2023. In the Motion, Dizon purports to add a defamation claim to his preexisting claims of employment discrimination and retaliation. *Id*. He also attempts to further articulate the damages that he seeks. *Id*.

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and provides that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Dizon failed to separately seek leave to file his supplemental petition with the Court. Additionally, he filed the petition 126 days after the Court's deadline for filing a motion to amend pleadings and six months before the case was set for trial. ECF No. 10. Moreover, to the extent that the Court liberally construes the Motion as a request to file a supplement to his complaint, Dizon has not asserted that the defamation cause of action arose after the filing of his initial complaint. ECF No. 35. Accordingly, the supplemental complaint would not be proper under Rule 15(d).

The Fifth Circuit reviews a denial of leave to file a supplemental complaint for abuse of discretion. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). This is because Rule 15(d) is clear that the Court *may* permit the filing of a supplemental pleading, but need not do so. *Id.* (emphasis in original). The Court has inherent authority to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Due to Dizon's failure to comply with the Scheduling Order and the inapplicability of Rule 15(d) to the proposed supplemental pleading, the undersigned **RECOMMENDS** that District Judge Reed O'Connor **DENY** Dizon's Motion to File Supplemental Petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 27, 2023.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2