**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ALFRED C. DIZON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:22-cv-00040-O-BP** |
| | § | |
| **VECTRUS SYSTEMS CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 36); filed January 9, 2023; Defendant's Motion for Summary Judgment (ECF No. 43), filed February 13, 2023; United States Magistrate Judge Ray's Findings, Conclusions, and Recommendation (ECF No. 54), filed April 27, 2023; Plaintiff's Response (ECF No. 59), filed May 9, 2023; and Defendant's Response (ECF No. 60), filed May 18, 2023.

Plaintiff objects to Magistrate Judge Ray's Findings, Conclusions, and Recommendation (FCR) on the basis that Judge Ray "could not clearly see the big picture," claiming the Magistrate Judge overlooked Plaintiff's "Trial Exhibits" and that the Defendant failed to comply with Fed. R. Civ. P. 26 disclosures. Pl's Response 1, ECF No. 59. Generally, for dispositive motions, parties are entitled to *de novo* review of any part of a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). However, when the objections are frivolous, conclusive, or general in nature, the Court need not conduct such *de novo* review. *See Thompson v. Bumpas*, No. 4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). For an objection to be specific enough to warrant *de novo* review, it "must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020), *R. & R. adopted by* 458 F. Supp. 3d 559 (E.D. Tex. 2020). Even affording Plaintiff's objections the proper leniency for a *pro-se* litigant, Plaintiff's objections do not meet this specificity standard. *See generally* ECF No. 59.

Plaintiff first objects that the Magistrate Judge based his Findings, Conclusions, and Recommendation solely on each party's summary judgement briefing and that, instead, the Magistrate Judge should have considered the Plaintiff's "Trial Exhibits." These objections are not related to any particular determination made by the Magistrate Judge. Rather, these are generalized, conclusory objections to the FCR as a whole. Furthermore, even if these objections were considered to meet the specificity standard, the Court finds the objections are meritless. The Magistrate Judge makes many references and citations to specific evidence within Vectrus' Appendix, clearly showing that the parties' briefings were not the sole basis for the FCR. *See generally* ECF No. 54. Furthermore, it would not have been proper for the Magistrate Judge to consider Plaintiff's "Trial Exhibits" because Plaintiff failed to include them with his motion for summary judgement, in an appendix, as required by the local rules. *See* ECF No. 36.

Plaintiff's objections regarding the discovery process also do not meet the specificity standard needed to invoke *de novo* review. The Plaintiff fails to identify any particular determination made by the Magistrate Judge to which he is objecting. Even if these objections were considered to meet the specificity standard, the objections are without merit. The Plaintiff and the Defendant entered into a voluntary Confidentiality Agreement at the discovery stage of this case. *See* Def.'s Response 5, ECF No. 60. Pursuant to the terms of this agreement, the Defendant then produced "more than 2,100 pages of documents to Plaintiff." *Id.* Plaintiff claims

that prior to this agreement, the Defendant initially indicated that it would comply with Plaintiff's earlier discovery requests and/or subpoenas. This is a mischaracterization, as indicated by Defendant' motions to quash and responses in opposition to such subpoenas. *See* ECF Nos. 23, 33, 48, 51.

However, because the Court finds that Plaintiff's objections do not rise to the level of specificity needed to invoke *de novo* review, this Court need not consider such objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Instead, the Court reviews the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 36) and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 43). Plaintiff's claims against Defendant are **DISMISSED with prejudice**.

**SO ORDERED** on this **30th** day of **May, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**